**Albert L. WALKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 97050.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 26, 2013.

Rehearing Denied May 2, 2013.

Albert L. Walker, Jefferson City, MO, appellant pro se.

Jennifer A. Rodewald, Jefferson City, MO, for respondent.

Before ROBERT G. DOWD, JR., P.J., ROY L. RICHTER, J. and ANGELA T. QUIGLESS, J.

***ORDER***

PER CURIAM.

Albert L. Walker (Movant) appeals from the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief. We affirm.

Movant raises six points on appeal. In his first point on appeal, Movant argues the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because trial counsel was ineffective for failing to timely file a motion to suppress Wohldman's identification. In his second point on appeal, Movant contends the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because trial counsel was ineffective for failing to strike venireperson Wilhelm. In his third point on appeal, Movant argues the motion court clearly erred because trial counsel was ineffective for failing to impeach Officer Branch with prior inconsistent statements. In his fourth point on appeal, Movant contends the motion court clearly erred because trial counsel was ineffective for failing to object to the prior and persistent offender designation. In his fifth point on appeal, Movant alleges the motion court clearly erred in finding appellate counsel was not ineffective for failing to raise a claim that the trial court erred in sentencing Movant. In his sixth point on appeal, Movant argues the motion court clearly erred because trial counsel was ineffective for failing to call an expert witness.

We find the motion court's findings of facts and conclusions of law are not clearly erroneous and affirm. We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An extended opinion would have no precedential value. We have, however, provided the parties a memorandum setting forth the reasons for our deci-

sion. We affirm the judgment of the motion court pursuant to Rule 84.16(b).